**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **LOOP ROAD MONROE L L C** | **CASE NO. 3:25-CV-01117** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 41] filed by Defendant, Church Mutual Insurance Co., S.I. ("Defendant"). Plaintiff, Loop Road Monroe, L.L.C. ("Plaintiff"), opposed the Motion [Doc. No. 50]. Defendant filed a reply [Doc. No. 52].

After carefully considering the parties' filings and applicable law, the Motion is **GRANTED**.

## I. BACKGROUND

This matter concerns an insurance dispute. On March 8, 2023, Defendant issued a one-year insurance policy (the "Policy") to the insured, Pine Grove Church ("Pine Grove"), for buildings located at 4300 Loop Road, Monroe, Louisiana, 71201 (the "Property").[1] On March 20, 2025, Defendant received a report of loss from Pine Grove, which claimed that, on March 31, 2023, hail caused damage to the property.[2] On March 21, 2025, Defendant acknowledged the report of loss.[3] On March 28, 2025,

---

[1] [Doc. No. 21-5].
[2] [Doc. No. 21-6].
[3] [Doc. No. 21-1, p. 3].

Defendant executed a tolling agreement (the "Agreement") with Pine Grove to investigate the claim.[4] The Agreement was made by and between Pine Grove and Defendant and asserted that the Agreement would "toll and suspend the running of any and all applicable statutes of limitation, prescriptive periods, or time-based defenses as to any claims that Claimant may assert against Insurer relating to said loss, to allow the parties additional time to explore resolution of the matter without litigation."[5]

On May 5, 2025, Pine Grove executed an assignment to Plaintiff (the "Assignment").[6] The Assignment stated:

> All rights of ownership and benefits thereunder in and to that certain Business Policy issued by Church Mutual Insurance Company, S.1. bearing Policy No. 0252515-25-536261, having a claim date of loss of March 31, 2023, and the claim number 000-01-297221, having an insured location address of 4300 Loop Road Monroe, LA 71201, together with any rights to claims, whether now existing, known or unknown, and the proceeds thereof of any such claims, including but not limited to a pending claim for hail damage as well as damages so related to the roof and other building structures and components at the subject location covered by the said insurance policy roof covering material, awnings, canopies, patio covers, gutters, mechanical equipment, HVAC and other building and exterior damage of the insured building as well as related interior damage to the building covered under the policy related to this claim. This assignment is only effective, pertaining to claims existing at the 4300 Loop Road Monroe, LA 71201 location and subject of the act of sale pertaining to said property between Assignor, as seller and Assignee, as buyer, this same date.[7]

[4] [Doc. No. 21-8].
[5] [Doc. No. 41-8].
[6] [Doc. No. 21-9].
[7] [Id.].

Defendant was notified of the Assignment on May 8, 2025.[8] Regarding assignments, the Policy contained a provision which stated that, "[n]o change in, modification of, or assignment of interest under this policy will be effective without [Church Mutual's] written consent."[9]

On or about May 15, 2025, Plaintiff commenced the suit against Defendant.[10] On August 5, 2025, the complaint was removed to this Court from the Fourth Judicial District Court for the Parish of Ouachita.[11] In the complaint, Plaintiff asserts claims for breach of contract, property damage, loss of use, and other relief.[12]

On June 12, 2026, Defendant filed this Motion, which seeks to dismiss all of Plaintiff's claims because there is no evidence of a hailstorm at the Property in 2023, and Plaintiff's claims are time-barred.[13] Conversely, Plaintiff opposes and claims that the Motion should be denied as there are genuine issues of material fact regarding a hailstorm and that Plaintiff's claims are not time-barred because "nothing in the Tolling Agreement provides that the contractual extension was personal to Pine Grove Church."[14]

The issues have been briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

[8] [Doc. No. 21-10].
[9] [Doc. No. 21-5, p. 316].
[10] [Doc. No. 1].
[11] [Id.].
[12] [Id.].
[13] [Doc. No. 41-1, pp. 6–7].
[14] [Doc. No. 50, p. 7].

Courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *In re Genesis Marine*, LLC, 164 F.4th 448, 453 (5th Cir. 2026) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And a dispute about a material fact "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248). Put differently, courts must grant summary judgment against a party who does not—or cannot—show "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The movant must first point to "particular parts of materials in the record," such as depositions, documents, electronic information, affidavits, interrogatories, etc., to show there is no genuine dispute of material fact. FED. R. CIV. P. 56(c)(1)(A). Once the movant does so, the burden shifts to the nonmovant who "must go beyond his pleadings and designate specific facts showing that there is a genuine dispute of material fact for trial." *Clark v. Dep't of Pub. Safety & Corr.*, 141 F.4th 653, 659 (5th Cir. 2025) (citing *Celotex*, 477 U.S. at 324). The nonmovant cannot "defeat summary judgment with" metaphysical doubts as to the facts, "'conclusory allegations,' 'unsubstantiated assertions,' or 'only a scintilla of evidence.'" *In re Genesis Marine*, 164 F.4th at 453 (collecting cases).

Finally—and most importantly—when resolving summary judgment motions, "courts may not evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes" and must resolve all ambiguities and draw all permissible inferences "in favor of the non-moving party." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (citation modified) (citing *Anderson*, 477 U.S. at 255).

**B. Analysis**

Defendant asserts that because none of Plaintiff's witnesses can testify that the Property suffered hail damage during the Policy period, the suit should be dismissed.[15] Defendant bolsters this argument by asserting that the only evidence regarding hail damage is its expert's opinion that no hailstorm occurred during the Policy period.[16] Plaintiff argues that Defendant's expert report does not eliminate all factual disputes concerning the existence, cause, and significance of the observed roof conditions.[17]

After reviewing the record and Plaintiff's Opposition, the Court agrees with Defendant. Plaintiff identifies three witnesses who are expected to testify at trial regarding the alleged hail damage.[18] The Court previously limited Jay Ludwick ("Ludwick"), Plaintiff's non-retained expert, in a ruling on a motion in limine.[19] The Court completely struck the Estimate and restricted Ludwick's testimony to his "personal knowledge, including the observations he made during his visual inspection

[15] [Doc. No. 41-1, p. 4].
[16] [Id.].
[17] [Doc. No. 50, p. 3].
[18] [Doc. No. 41-12].
[19] [Doc. No. 54, p. 2].

of the Property."[20] However, Ludwick did not first inspect the Property until May 2026—more than three years after the alleged hail-damage storm and approximately one year after a separate hailstorm occurred in 2025.[21] As to Plaintiff's second witness, Martin Litwin ("Litwin"), he likewise lacks personal knowledge regarding any hail damage allegedly sustained in 2023 or early 2024.[22] During his deposition, Litwin had not reviewed any weather report concerning the alleged 2023 storm.[23] Moreover, the first time Litwin "set foot on the property" was in September 2024—more than a year after the alleged hailstorm.[24] Plaintiff's third witness, Ryan Hinkie ("Hinkie"), testified that he had no personal knowledge regarding the alleged 2023 hailstorm.[25] Although Hinkie stated that the Monroe area experiences some hail and wind each year, he could not identify any specific hail event or damage occurring in 2023.[26] Hinkie testified that he visited the property three times with adjusters and observed what he believed to be hail damage. However, his first visit to the property did not occur until sometime in 2025—approximately two years after the alleged 2023 hailstorm.[27] Thus, it is inconceivable that Plaintiff could present any evidence of hail damage occurring during the policy period at trial.

In *H5R, L.L.C. v. Scottsdale Insurance Company*, the Fifth Circuit affirmed summary judgment where the plaintiff could not establish that the hail damage

[20] [Id. at p. 7].
[21] [Doc. No. 41-6, p. 17].
[22] [Doc. No. 41-4, p. 59].
[23] [Id.].
[24] [Id. at p. 58].
[25] [Doc. No. 41-5, p. 37].
[26] [Id. at pp. 30, 37].
[27] [Id.].

occurred during the applicable policy period. 2026 WL 252653, at *2 (5th Cir. Jan. 30, 2026). The same evidentiary deficiency exists here. Plaintiff has no competent evidence establishing that a hailstorm occurred during the policy period or that a covered hail event caused the alleged hail damages. No witness can testify that he observed a hailstorm during the policy period or contemporaneously with the alleged loss. On the contrary, the witnesses testified that they did not observe the alleged hail damage until *years after* the purported policy-covered hailstorm. Moreover, in *Ruelet v. Lamorak Ins. Co.,* the defendant argued that the plaintiff failed to present evidence establishing exposure to asbestos during the second policy period. No. 20-00404, 2022 WL 16558023, at *1 (M.D. La. Oct. 31, 2022). The court agreed, finding that the depositions and other evidence created a genuine issue of material fact only as to the plaintiff's asbestos exposure during the first policy period, not the second. *Id.* at *3. Accordingly, the court granted summary judgment on the claim alleging asbestos exposure during the second policy period. *Id.*

Thus, as in *H5R* and *Ruelet*, the evidence does not establish when the alleged hail damage occurred, much less that it occurred during the period for which Defendant provided coverage. The only competent evidence before the Court is the opinion of Defendant's expert, Kenneth J. Krefft, who opines that "no hail occurred at the property on March 31, 2023," and supports that opinion through a reliable methodology, sufficient facts and data, specialized knowledge, and a reliable application of those principles.[28]

[28] [Doc. No. 41-2, p. 3]. *See also* [Doc. No. 55].

Because Plaintiff cannot identify competent evidence establishing that the alleged hail damage resulted from a hailstorm occurring during the policy period, Plaintiff cannot satisfy a necessary element of its coverage claim. Accordingly, there is no genuine issue of material facts for the Court to resolve, and summary judgment is proper. Because the Court dismisses all claims, it declines to reach the argument that the claims are time-barred.

## III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion [Doc. No. 41] is **GRANTED**, and Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 3rd day of September 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE